IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| vs. | ) CRIMINAL ACTION 11-00194-KD-B |
| | ) |
| ALLIE BERNICE MOORE, | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Allie Bernice Moore's Second Motion To Modify Sentence. (Doc. 235) Defendant moves the Court to modify her sentence and divide her 27-month sentence into nine months in confinement which includes credit for time served from February 24, 2012 (the date of arrest for violation of conditions of release) with the balance of her sentence to be served under house arrest or intensive probation. Defendant also asks that she undergo mental health counseling upon release because the mental health treatment and therapy she needs is not offered where she is incarcerated. Upon consideration, and for the reasons set forth herein, Defendant's motion is **DENIED** for lack of jurisdiction.

In the Court's prior order of August 20, 2012, the Court explained that its authority to modify a sentence once it has been imposed is narrowly limited by statute. *See United States v. Phillips,* 597 F.3d 1190, 1194-95 (11th Cir. 2010). The Court further explained that "18 U.S.C. § 3582(c) provides that a court may not modify an imprisonment sentence except where (1) the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) another statute or Rule 35 of the Federal Rules of Criminal Procedure expressly permits modification; or (3) the defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met." (Doc. 234)   The Court concluded that none of the limited circumstances identified in the statute appeared to exist and found that Defendant did not offer any argument to the contrary.

In the present motion, Defendant states that she has received the prior order denying her

motion for lack of jurisdiction.  Defendant now argues that "18 U.S. C. § 3582(c) provides that a court may not modify an imprisonment sentence except where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction." (Doc. 235) Defendant argues that there are "extraordinary and compelling reasons" why her sentence should be modified.  Specifically, Defendant points out that she did not understand how her past criminal activity would affect her sentence, that she attempted suicide before she was incarcerated and now the incarceration is taking a toll on her psychological state of mind, and that her brother is dying.  However, Defendant has misread § 3582(c).  The statute provides that the Court may find that there are "extraordinary and compelling reasons" to warrant a sentence reduction but only after the Director of the Bureau of Prisons has filed a motion for reduction and the Court has considered the factors set forth in 18 U.S.C. § 3553(a).  In this case, the Director of the Bureau of Prisons has not filed a motion to reduce Defendant's sentence.

Additionally, Defendant's motion is untimely because it was submitted approximately ten months after her sentence was imposed in January 2012.  Rule 35(a) permits the court, "[w]ithin 14 days after sentencing," to correct a sentence that resulted from "arithmetical, technical, or clear error."  Fed. R. Crim. P. 35(a).  The Eleventh Circuit has held that the time limit set forth by the Rule is jurisdictional.  *See United States v. Diaz-Clark*, 292 F.3d 1310, 1317 (11th Cir. 2002); *United States v. Phillips*, 597 F. 3d 1190 (11th Cir. 2010).

Accordingly, this Court does not have jurisdiction or authority to modify Defendant's sentence.

**DONE** and **ORDERED** this the 15th day of October, 2012.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**